IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VERONA PACER,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 07 C 5173
                                 )
ROCKENBACH CHEVROLET SALES, INC.,)
                                 )
          Defendant.             )

MEMORANDUM ORDER

Rockenbach Chevrolet Sales, Inc. ("Rockenbach") has just filed its Answer to the FACTA action brought against it by Verona Pacer ("Pacer"). This sua sponte memorandum order is triggered by the unsatisfactory nature of that purportedly responsive (but in fact largely nonresponsive) pleading.

To begin with, it is true that Rockenbach's counsel faithfully parrots the language of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the asserted predicate for obtaining a deemed denial of a host of Pacer's allegations (see Answer ¶¶4-9, 18, 34-39, 41 and 44-70). But then having done so, Rockenbach's counsel consistently follows those Rule 8(b) assertions with the clause "and accordingly denies same." That is of course oxymoronic in nature--no one who truly lacks even a <u>belief</u> as to the truth or falsity of an allegation can, in the objective good faith demanded by Rule 11(b), <u>deny</u> those allegations. Accordingly the above-quoted clause is stricken wherever it appears in the Answer.

If that were the only problem posed by the Answer, the thus-redacted pleading could be left as is.  But Rockenbach's counsel has also ignored the basic truisms (1) that the federal notice-pleading regime applies to defendants as well as to plaintiffs and (2) that a fundamental purpose of federal pleading is to identify which matters are and which are not in dispute or, where a Rule 8(b) disclaimer is involved, which matters do or do not put a plaintiff to his, her or its proof.

In this instance there are a great many of the Complaint's allegations as to which Rockenbach and its counsel cannot truthfully, and in proper compliance with Rule 11(b), surmount the high hurdle deliberately set by Rule 8(b)'s requirement that such a defendant really lacks even a belief.  That Rule was not of course designed to convert the familiar three-monkeys saying:

> See no evil,
> Hear no evil,
> Speak no evil

into an impermissible:

> See no truth,
> Hear no truth,
> Speak no truth.

Indeed, as to many of the now-disclaimed allegations in the Complaint it seems a safe bet that when Rockenbach and its counsel engage in even a modest "inquiry reasonable under the circumstances" (as required by Rule 11(b)) a good many of the current nonresponses will be converted into good faith

2

admissions.  Because of the pervasive noncompliance that has been referred to in this memorandum order, the entire Answer is stricken, but with leave of course granted to file a self-contained and proper Amended Answer on or before December 3, 2007.

Next, when Rockenbach's counsel returns to the drawing board for that purpose he should also first read App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  Contrary to what is said in Answer ¶¶3, 28, 29 and 32, legal conclusions are a perfectly respectable part of federal pleading.  Hence those paragraphs in Rockenbach's Amended Answer must adopt a different stance in responding to the corresponding allegations of the Complaint.

Finally, Rockenbach's First Affirmative Defense ("AD 1") asserts a lack of standing on Pacer's part "since Congress intended to limit the enforcement of FACTA truncation requirements to the Federal Trade Commission under certain circumstances like those at issue in this case."  This Court is familiar with FACTA's having eliminated private rights of action to enforce 15 U.S.C. §1681m (see <u>Perry v. First Nat'l Bank</u>, 459 F.3d 816 (7th Cir. 2006)), but it is unaware of a comparable decision by Congress as to 15 U.S.C. §1681c(g), the portion of FACTA sought to be invoked by Pacer.  If Rockenbach does have has a predicate for advancing AD 1, that must be spelled out rather

than simply being stated in bare bones style as the present Answer does.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:  November 19, 2007