```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

VERONA PACER,                     )
                                  )
              Plaintiff,          )
                                  )
    v.                            )    No. 07 C 5173
                                  )
ROCKENBACH CHEVROLET SALES, INC., )
                                  )
              Defendant.          )

## MEMORANDUM ORDER

On November 19, 2007 counsel for plaintiff Verona Pacer ("Pacer") filed a notice of her Motion for Class Certification, coupled with the bulky motion and attached exhibits and specifying a December 18 presentment date. That filing violated not one but two of this District Court's Local Rules:

   1. LR 5.2(e) mandates the delivery of a paper copy of all electronic filings by use by the judge within one business day after the filing.[1] No such copy had ever been seen either by this Court or by its always-vigilant minute clerk until the other day, when this Court spotted a reference to that motion on a recent printout of motions pending in all cases on its calendar (a printout that it obtains periodically) and therefore instructed its minute

---

[1] This Court's website calls for earlier delivery--on the same business day--to facilitate this Court's practice of entertaining motions every day, but this Court has never denied or stricken any motion for noncompliance with that individualized requirement. Violation of the District Court's LR 5.2(e), however, is a different matter.

clerk to call Pacer's counsel to provide a copy, which was done yesterday.

    2. LR 5.3(b) expressly requires that the presentment date for any motion "shall be not more than ten business days following the date on which the motion...is delivered to the court pursuant to LR 78.1" No end run around that provision is appropriate, of course, in cases of counsel's noncompliance with already-discussed LR 5.2(e).

Accordingly Pacer's motion is denied pursuant to still another of this District Court's rules, LR 78.2. This denial is without prejudice to Pacer's renoticing of the motion (for which purpose Pacer's counsel need not again file the bulky motion and exhibits). But if that is done, counsel must also address the question whether the Fed. R. Civ. P. 68 offer of judgment made by defendant, referred to in Paragraph 4 of the motion, may have mooted the issue of class certification. For that purpose Pacer's counsel should simply cite any caselaw authority supporting his position, without describing or arguing the applicability of such caselaw (which this Court always reads in any event).

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: December 5, 2007